# Chess *et al. versus* Birmingham.

1. The legislature have a constitutional power to authorize a municipal corporation to levy a tax or take toll, to keep the streets in repair.

ERROR to the Court of Common Pleas of *Allegheny county*.

The plaintiffs in error were defendants below.

This was an action of debt commenced before Wm. Symmes, Esq., on the 6th June, 1856, by the burgess and town council of the borough of Birmingham, against David Chess, Robert Wilson and Thompson Hull, to recover $6 license on three one-horse carts, and penalty of $5, for violation of the hereinafter recited ordinance of said borough.

The plaintiffs filed the following declaration:

" The burgess and town council of the borough of Birmingham, plaintiffs above named, by R. B. Carnahan, their attorney; complain of David Chess, R. W. Wilson, and Thompson Hull, part-

ners, as Chess, Wilson & Co., defendants above named, in an action of debt,—for that whereas by a law of the general assembly of the State of Pennsylvania, approved the 21st day of April, A. D. 1856, which said law is here produced in court, it is enacted ' That the burgess and town council of the borough of Birmingham, in the county of Allegheny, shall have full power and authority to ordain, enact, repeal or amend all such ordinances or by-laws of said borough, as to them may appear proper and expedient, requiring under such penalty as the said council may direct, the owner or owners of all carriages, wagons, carts, drays and other vehicles of burden, which may or shall pass over the paved streets or alleys of said borough, whether such owner or owners be resident or non-resident within said borough, where such vehicles may be used, for purposes of business in the borough or elsewhere, to register the same at the office of the burgess, in a book to be kept for that purpose, and to pay such reasonable license to said borough, for such use of said streets and alleys, as the council may by ordinance order and direct. Provided, that nothing hereinbefore contained, shall be construed to authorize the burgess and town council aforesaid, to charge a license on the wagons or carriages of travellers, merely passing through said borough, nor the wagons or vehicles of farmers bringing to market or elsewhere, the produce of their farms, or used for the accommodation of their families.' And whereas, after the enactment of the said law of the general assembly aforesaid, and before the bringing of this suit, to wit, on the 30th day of April, A. D. 1856, at Birmingham, in the county aforesaid, the said plaintiffs, the burgess and town council of the borough of Birmingham, then and there did, in pursuance of said law of the general assembly aforesaid, ordain and enact an ordinance entitled ' An ordinance relative to the license of carriages, wagons, carts, drays, and other vehicles in the borough of Birmingham,' which said ordinance is here produced in court, which recites, enacts, and ordains, 'That the owners of all wagons, carriages, carts, drays, omnibusses, hacks, or other vehicles of burden, which may or shall pass over the paved streets or alleys of said borough, whether such owner be resident or non-resident within the said borough, where such vehicles may be used for purposes of business in the borough or elsewhere, shall cause such vehicle or vehicles to be registered at the office of the burgess of said borough, in a book to be kept for that purpose by said burgess, and shall pay to the street commissioner, for the use of said borough, for each of said vehicles drawn by one horse, the sum of two dollars; for each drawn by two or three horses, the sum of four dollars, for each drawn by four horses, the sum of five dollars; and for each drawn by five or more horses, the sum of seven dollars ; which payment and registry shall be made on or before the first day of June, in each year. And it

shall be the duty of all persons commencing the use of any of the aforesaid vehicles, after the regular time of registry and payment, to report the same to the street commissioner, and cause the same to be registered as aforesaid, within five days thereafter ; and they shall pay in proportion for the unexpired term of the current year; and to each and every person who shall make payment, as aforesaid, the street commissioner shall give a certificate of such payment, and also a metallic plate, containing the number of the vehicle, for the year for which it is given, which plate shall be fastened in some conspicuous part of the vehicle, and duly returned to the street commissioner at the end of the year for which it is given.

" 'Sec. II. That each and every person neglecting or refusing to comply with the provisions of this ordinance, shall forfeit and pay, *in the addition to the amount before specified,* the sum of five dollars, to be received before the burgess, or any justice of the peace, as other fines and forfeitures are by law collected.

" 'Sec. III. That any person keeping a livery stable within the borough, may appear before the council, and, by oath or otherwise, certify the number of carriages or other vehicles he may have in use, upon an average during the year, and he shall be required to pay for such number and kind, and no more.

" 'Sec. IV. That nothing herein before contained shall be construed to authorize the burgess and town council aforesaid, to charge a license on the wagons or other vehicles of travellers, merely passing through said borough, nor the wagons or vehicles of farmers, bringing to market or elsewhere the produce of their farms, or used for the accommodation of their families.

" 'Sec. V. That this ordinance shall go into effect on the first day of June, A. D. 1856, and that the ordinance of August 5, 1852, and all other ordinances hereby supplied, be, and the same are hereby repealed :' of which said ordinance, and the premises, defendants had notice.    And the plaintiff further says that said defendants on the 16th day of June, A. D. 1856, and after the making of said ordinance, were the owners of three certain wagons, (each of said being drawn by one horse,) which said wagons were used in carrying and hauling merchandize, to and from East Birmingham, and the city of Pittsburgh, and so being the owners of said wagons, on the day last aforesaid, the said defendants caused the said wagons to be driven, hauled and used, and *passed* over the paved streets of said borough of Birmingham, and neglected and refused to pay to the said plaintiff, the sum of two dollars for each wagon, so using the paved streets of the said borough, and neglected and refused to cause said vehicles to be registered at the office of the burgess of said borough, in a book which was, and is kept for that purpose by said burgess, as they were required by said ordinance to do; and by means thereof, and by

[Chess et al. *v.* Birmingham.]

virtue of said ordinance, they, the said defendants, after the making of the ordinance, to wit, on the day last mentioned, became, and were liable to pay, and ought to have paid to the said plaintiffs a large sum of money, to wit, the sum of eleven dollars, whereby, and by reasons of said neglects and refusals by said defendants, the said plaintiff hath sustained damage to the amount of fifty dollars, and therefore brings suit."

The following statement of facts were submitted as part of the above narr. by consent of counsel.

"It is admitted that the defendants are non-residents of the borough of Birmingham, and their manufactory is situated outside of the limits of said borough.

"That the only use made of the paved highways in Birmingham by the defendants, was in the necessary use of said highways, in going to and from their manufactory to the city of Pittsburgh, (hauling their manufactured articles, &c.)

"To the declaration the defendants demurred, and prayed the judgment of the court."

By counsel, it was agreed that the papers in this case be submitted to the court for judgment upon demurrer.

August 26, 1857, the court, M'CLURE, J., entered judgment against defendants for the sum of eleven dollars and costs; which entry is the error complained of.

*Marshall* and *Brown*, for plaintiffs in error, admitted that the legislation was broad enough to cover the case, but contended that it was against public policy, and unconstitutional and void, and cited *O'Conner* v. *Pittsburgh*, 6 Har. 187; *Bennet* v. *Birmingham*, 3 Legal Journal, 17, (now reported in 7 Casey.)

*Carnahan*, for defendant in error.

The opinion of the court was delivered November 23, 1857, by LEWIS, C. J.—The legislature have as much power to authorize municipal corporations to levy a tax, or take toll for the purpose of keeping the streets in repair, as they have to authorize a turnpike company to do the same thing. In this case, it is clear that the plaintiffs in error are within the meaning of the ordinance, and that the ordinance is in strict conformity with the act of assembly. We are equally clear that the act is constitutional.

Judgment affirmed.