## THE CITY OF TERRE HAUTE v. KERSEY ET AL.

[No. 19,085. Filed June 6, 1902. Rehearing denied October 10, 1902.]

MUNICIPAL CORPORATIONS.—*Vehicle License.*—*Taxation.*—A city ordinance imposing a tax for the use of streets by vehicles is not a tax on the vehicles as articles of property, but the effect thereof is to subject the owners of the vehicles to the payment of a tax for a license or privilege of using such vehicles upon the public streets of the city. *p. 306.*

SAME.—*Vehicle License.*—*Taxation.*—*Police Power.*—The adoption of an ordinance fixing a license upon vehicles used upon the streets of a city which neither professes nor is intended in any manner to regulate or restrict the use of vehicles, but the primary purpose of which is to impose a license tax as a revenue for the maintenance and repair of the streets, is not the exercise of a police power. *pp. 306, 307.*

SAME.—*Vehicle License.*—*Taxation.*—The authority of a city to enforce a vehicle license for the purpose of creating revenue for the maintenance and repair of streets must be conferred by statute, and such power must be strictly construed. *p, 307.*

SAME.—*Vehicle License.*—*Taxation.*—*Constitutional Law.*—Section 1, article 10, of the State Constitution, which provides for a uniform and equal rate of assessment and taxation relates to a general assessment of taxes on property according to its value, and does

not apply to a tax for a license to use vehicles upon the streets of a city. *p. 309.*

MUNICIPAL CORPORATIONS.—*Vehicle License.*—*Taxation.*—A city governed by the general laws of this State relating to the organization of cities, and conferring upon common councils thereof certain enumerated powers (§§3541, 3541a, 3617, 3623 Burns 1901), has power to impose a tax for a license to use vehicles upon its streets, including private vehicles, for the purpose of creating a revenue for the maintenance and repair of the streets. *pp. 307-312.*

SAME.—*Vehicle License.*—*Classification.*—An ordinance imposing a tax for a license to use vehicles upon the streets of a city is properly based upon the use to which such vehicles are devoted rather than the value of the vehicles. *p. 312.*

From Vigo Superior Court; *S. M. McGregor*, Special Judge.

Suit by William P. Kersey and others to enjoin the city of Terre Haute from enforcing an ordinance imposing a tax for vehicle license. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*P. M. Foley*, for appellant.

*J. S. Jordan, R. B. Stimson* and *H. A. Condit*, for appellees.

JORDAN, J.—This appeal brings before us for review an ordinance adopted, and caused to be published, by the common council of the city of Terre Haute, Indiana, on January 7, 1899, imposing a license tax to be paid by the owners of certain vehicles used on the public streets of said city. The action was instituted in the lower court by William P. Kersey, in conjunction with his co-appellees herein, six in number, suing for themselves and in behalf of 5,000 others similarly situated, to enjoin appellant from enforcing against them the ordinance in controversy, for the reason that the same was wholly void, at least so far as the same concerned them. The complaint alleges and discloses that appellees are citizens of the United States, and taxpayers residing within the city of Terre Haute, and are the owners of various kinds of vehicles kept by them for their own use, health, pleasure, and profit, and not for the purpose of

City of Terre Haute *v.* Kersey.

carrying goods, passengers for hire, or for the purpose of renting the same, but that such vehicles are kept for their own private use; that all of said vehicles owned by them on April 1, 1898, had been duly listed and assessed for taxation under the general revenue laws of the State of Indiana.. It is alleged that the use of the vehicles owned by appellees is necessary to their health and business, and that it is impossible to use them without entering upon and driving along and over the. streets of said city; that the value of said vehicles varies from fifty cents to $500. It is charged that the ordinance in question is not uniform in its operation upon all persons in the same class, and that certain kinds of vehicles used upon the streets of the city are exempted from its operation, and that the ordinance is designed as a revenue measure, and would produce, if enforced, a revenue of $15,000; that it is not intended to correct any evil or abuse, or to preserve the peace, good order, or safety of society, or any part thereof. For these reasons, and the others hereinafter stated, appellees charge in their complaint (1) that the ordinance is null and void because it deprives them of the free use of their property, and of the free use of the public streets of said city, in contravention of §§1, 21, and 23 of article 1 of the State's Constitution; (2) that it grants privileges and immunities to a class of citizens which it does not grant to appellees on the same terms, and is, therefore, in violation of §23 of said article of the Constitution; (3) that it provides for an unequal and ununiform taxation of property in violation of §1 of article 10 of the Constitution; (4) that it contravenes §1 of the fourteenth amendment of the federal Constitution, inasmuch as it serves to deprive appellees of their property and liberty without due process of law, and deprives them of the equal protection of the law. It is further charged that appellant, by and through its officers, is threatening to enforce the ordinance against appellees, plaintiffs below, by arresting and prosecuting them and

enforcing fines against them for the violation of said ordinance, etc.

A perpetual injunction is demanded against appellant and its officers to prevent them from attempting to enforce said ordinance. The trial court held the complaint sufficient on demurrer. Appellant filed its answer in one paragraph wherein it set out all of the ordinances of the city of Terre Haute which regulated the use of its streets and the use of vehicles thereon. It also set out all of the police regulations in regard to the streets and vehicles, and further averred that said city had ninety miles of improved streets, and if all persons liable under the ordinance were required to take out a license, the amount realized thereby would not exceed $8,000 per annum; that to keep the streets in a good and safe condition for travel thereon, appellant was required to expend annually more than $40,000. The answer further discloses that the city of Terre Haute has a population of 45,000, and has 133 miles of streets within its corporate limits. A demurrer was sustained to this answer, and, appellant refusing to plead further, the court rendered its judgment enjoining it from enforcing said ordinance against appellees, and from enforcing it against any and all persons similarly situated. Errors are assigned on these rulings of the court.

The ordinance in controversy is entitled "An ordinance providing for a license upon vehicles drawn upon the streets of the city of Terre Haute, Indiana, providing penalties for the enforcement of the same," and is as follows: "Be it ordained by the common council of the city of Terre Haute, Indiana:

"Section 1. That the owner of all vehicles used on the streets of the city of Terre Haute shall pay annually license fees as follows, viz.: 1. On each wagon or truck used for hauling boilers, engines, machinery, or safes, and drawn by four horses, $4. 2. On each wagon or truck used as above and drawn by two horses, $2. 3. On each wagon or truck

used for hauling brick, ice, coal, drawn by two horses, $2. 4. On each omnibus or tally-ho drawn by two horses, $2. 5. On each wagon drawn by four horses, and not used in the manner specified in clause one, $3. 6. On each wagon, cart, dray, truck, furniture car, delivery wagon, or sprinkling cart drawn by two horses or less, $2. 7. On each buggy, surrey, coupe, or sulky used for pleasure and drawn by one horse, $1. 9. On each hack, hackney, carriage, cab, barouche, buggy, driving car, surrey and all vehicles drawn by two horses, $2. 10. On each bicycle or tricycle, $1. 11. On each vehicle drawn by one horse not before mentioned, $1. 12. On each two-horse vehicle not before mentioned, $2. 13. On each three-horse vehicle not before mentioned, $3. 14. On each four-horse vehicle not before mentioned, $4.

"Section 2. All vehicles used by persons living without said city in hauling ice, coal, brick, sewer-pipe, tiling, or in the peddling of milk over and upon the streets of the city of Terre Haute, Indiana, the sum of $2 for each vehicle drawn by one or more horses. Persons who take out license under this ordinance after February 15th of each year shall pay *pro rata* for the balance of the year ending February 15th thereafter: Provided, that every license issued after November 15th of each year, shall be a license fee charged to one-fourth of the annual license fee charged in this ordinance.

"Section 3. That any person included in the provisions of this ordinance desiring to use the streets of said city shall pay, or cause to be paid, to the city treasurer for each vehicle the license fee as herein provided, and take his receipt therefor, and upon presentation of said receipt to the city clerk, the said city clerk shall issue a license to the owner of said vehicle. It shall be unlawful for any person or persons owning any vehicle included in the provisions of this ordinance to use the streets of said city without first securing a license as herein provided."

Section four provides that there shall be "kept conspicuously in view on each vehicle mentioned in the ordinance the registered number of such vehicle, so that the same can be easily read from the sidewalk," etc.

"Section 5. The fund derived from the license herein provided for shall be applied only to the maintenance and repair of the streets and alleys of the city of Terre Haute.

"Section 6. The owners of vehicles covered by the terms of this ordinance, shall, before obtaining his license as herein provided, be required to pay to the city of Terre Haute the license fee as required by this ordinance, and take and file the city treasurer's receipt for the same with the city clerk, accompanied by an application signed by himself in which he shall set forth a full description of the kind and character of the vehicle for which a license is desired, the name of the owner, and the use to which such vehicle is to be put. Thereupon said clerk, upon the delivery of such receipt, shall deliver to said owner a license covering the period for which payment has been made, together with the plates provided for in this ordinance. Said clerk shall receive out of said license fee the sum of ten cents for each license issued."

Section seven, among other things, provides for a transfer of the license from the original owner to the purchaser of the vehicle, and for the recording of the license in the record book kept for that purpose.

"Section 8. Any person, firm, or corporation who shall violate any of the provisions of this ordinance, or who shall after the 15th day of February of each year drive or propel or cause to be driven or propelled on any of the streets of the city of Terre Haute, any unlicensed vehicle which under this ordinance requires a license shall be fined in any sum not less than $1 and not more than $10."

Section nine declares that the ordinance shall be in full force and effect from and after its passage and publication, and after February 15, 1899.

It is apparent that this ordinance is not a model, either in the draft thereof, or in the language or terms therein employed, but its intention or purpose is evident, which is, as we interpret it, to subject the owner of the vehicles therein named to the payment of a tax for a license or privilege to use such vehicles upon the public streets of the city. The ordinance in effect, if not in terms, imposes a tax for the use of the city's streets by the means of the vehicles therein mentioned. It is not the vehicles, as articles of property, which are sought to be taxed by virtue of the ordinance, but it is the use thereof on the public streets. This proposition, we think, is made clear by the fact that owners of vehicles might, without violating the ordinance, use them on their own premises or on the premises of their neighbors, or they might each or all manufacture and keep for sale any number of vehicles, without in either case being liable, under the ordinance, to the tax imposed. It is only when they use their vehicles on the streets of the city that they may be subjected to the payment of the annual tax for the privilege of such use. It is apparent that the ordinance neither professes nor is intended in any manner to regulate or restrict the use of vehicles, but the primary purpose thereof is to impose a license tax as revenue for the maintenance and repair of the streets. Therefore, appellant in the adoption thereof, can not be said to have been in the exercise of the police power, for the functions of the latter are not primarily the raising of revenue.

The authorities generally affirm that the power to tax, in a strict and proper sense, for the purpose of creating revenue, is not included within the police power of the State. However, it is true that the exercise of the latter power by a municipality may incidently conduce to create a revenue, and thereby benefit the public treasury. It follows, then, that if the validity of the ordinance can be upheld, it must be upon the ground that the adoption thereof is a legitimate exercise of a special taxing power conferred

upon it by the legislature. It is true, as a general proposition, that a license is frequently required or exacted under the police power of the State; but a special license tax, as is that in the case at bar, can only be imposed for revenue by virtue of the State's taxing power, and not by reason of the police power. 2 Dillon, Mun. Corp. (4th ed.), §§764, 768. If, however, the power conferred by the legislature upon appellant in the case at bar is not only to license and regulate vehicles, but the express authority is also given to tax them, or, rather, to tax their use, then the question, under the circumstances, as to whether such tax shall be denominated a license tax, or merely a special tax, is wholly immaterial.

The authority of appellant to impose upon and exact of appellees the tax in question must be shown to have been expressly, or by necessary implication, conferred upon it by the legislature, and such power must be strictly construed. This requires an examination of the statutes in respect to the authority conferred by the legislative department upon appellant's common council.

At the time of the adoption of this ordinance the city of Terre Haute was, and had been for many years, an incorporated city under and governed by the general laws of this State relating to the organization of cities, and conferring upon common councils thereof certain enumerated powers. Section 3541 Burns 1901, which in the main enumerates and confers these powers, provides: "The common council shall have power to enforce ordinances. * * * Twelfth, to regulate the use of coaches, hacks, drays and other vehicles for transportation of passengers, freight or other articles, to or from points within the city, for hire or pay." Section 3617 Burns 1901, among other things provides that "The common council shall have power to levy and cause to be assessed and collected * * * a specific tax on omnibuses, or other carriages and other vehicles used, and run for passengers for hire, unless the same be

licensed." An act of the legislature, approved March 2, 1897 (Acts 1897, p. 113), which is supplemental to the general laws pertaining to cities, provides: "That common councils of incorporated cities shall have the power to enact and enforce ordinances. * * * Second. To license, tax and regulate vehicles." This provision of the statute is not intended to apply to vehicles as property, but is applicable only to taxing or regulating their use upon the public streets of a city.

The charter of the city of Indianapolis confers upon the common council the power "to license, tax and regulate wheeled vehicles," and provides that the funds derived therefrom shall be applied only to the maintenance and repair of the streets and alleys of the city. The council passed an ordinance whereby a license tax was imposed for the use of certain specified vehicles on the streets of the city.

In the appeal of *Tomlinson* v. *City of Indianapolis,* 144 Ind. 142, 36 L. R. A. 413, the appellant was a nonresident of the city of Indianapolis, engaged in marketing garden produce without having procured a license for his market-wagon as required by the ordinance. He was convicted for a violation thereof in using his unlicensed wagon on the public streets of the city, and on appeal to this court it was held that the city, under its charter, was fully empowered to require a nonresident of the city to pay a license fee for using its streets by running a market-wagon thereon in like manner as residents of the city were required to pay under the ordinance. In that case it was said that the license fee exacted was not a tax on personal property, but was rather in the nature of a toll charged for the use of the improved streets over which vehicles are driven. The writer of the opinion, however, in that case, seems to have fallen into the error of asserting, in effect, that the city in exacting the license tax was doing so in the exercise of the police

power, and not of the taxing power expressly conferred upon it by the legislature.

There is no force in the claim of counsel for appellees that the ordinance herein involved violates §1, of article 10, of the State Constitution which provides for a uniform and equal rate of assessment and taxation; for it has been decided by this court, and is affirmed by other authorities in respect to similar constitutional provisions, that this section of our fundamental law relates to a general assessment of taxes on property according to its value. *Thomasson* v. *State,* 15 Ind. 449, and cases there cited; *State* v. *Mayor, etc.,* 58 N. J. L. 604, 33 Atl. 850; Burroughs, Taxation, §77.

By §3623 Burns 1901, §3161 Horner 1901, the common council of the city of Terre Haute, at the time the ordinance in controversy was adopted, was given the exclusive power over its public streets. The city, under this authority, held such streets in trust for public purposes. *Adams* v. *Ohio Falls Car Co.,* 131 Ind. 375, and cases cited. In addition to the powers conferred by the above section and other provisions of law by which the city was controlled, it, as we have shown, was expressly empowered by the legislature in 1897 not only to license and regulate vehicles, but also to tax them. It must be conceded that cities and towns of this State can not exercise the power of taxation under the guise of a license or otherwise, unless such power is unequivocally conferred upon them by the legislature. When such power is, however, clearly conferred upon such municipalities, courts have generally upheld the proper exercise thereof.

The running of hacks, carriages, and other vehicles over the streets of a city, whether used thereon for public or private purposes, will necessarily, in the course of time, impair and wear them out; and, by reason of this well recognized fact, cities are subjected to large expenditures of money to repair the wear and tear upon their streets,

due, in the main, to the use or running of vehicles thereon. Under such circumstances there is nothing unjust or wrong in a city, when so empowered by the legislature, requiring the payment of a properly or reasonably graduated tax, as in the case at bar, which must be considered in the nature of a toll imposed for the exercise of the privilege of using the streets by means of vehicles. In fact, the right of exacting the payment of such a license tax is akin to the principle by which the establishment of toll roads over public highways by virtue of legislative authority, and the right to collect toll from persons traveling in vehicles thereon, is sustained. The legislature of this State has the right, and in the past has exercised the same, to authorize a turnpike company to lay out its road over a public highway, and to exact toll from those who drive vehicles thereon. While every person, under like circumstances, has the right to use such turnpike as a highway, nevertheless for the privilege of doing so he must pay the reasonable tribute or toll laid on all travelers alike. Elliott, Roads and Sts. (2d ed.), §71; Cooley, Taxation (2d ed.), 130; Angell, Highways (3d ed.), §8.

In §454 of Judge Elliott's work on Roads and Streets (2d ed.), that eminent author says: "A license or tax on all vehicles used for hire on the public streets may be enforced, although the owner of a vehicle so used lives outside the city limits." That municipal corporations may be empowered by the legislature to impose a tax upon owners of vehicles for using the same upon the public streets, is, as a general proposition, fully affirmed by the authorities. Burroughs, Taxation, §77; *Chess* v. *Birmingham,* 1 Grant Cas. 438; *Bennett* v. *Birmingham,* 31 Pa. St. 15; *Gartside* v. *East St. Louis,* 43 Ill. 47; *City of St. Louis* v. *Green,* 7 Mo. App. 468, s. c. 70 Mo. 562; *State* v. *Mayor, etc.,* 58 N. J. L. 604, 33 Atl. 850; *Marmet* v. *State,* 45 Ohio St. 63, 12 N. E. 463; *Smith* v. *City of Louisville,* 9 Ky. L. 779, 6 S. W. 911; *Tomlinson* v. *City of*

*Indianapolis,* 144 Ind. 142, 36 L. R. A. 413. See cases collected in foot note to the case last cited in 36 L. R. A. 413.

In Burroughs, Taxation, §77, the author says: "When the amount of the fee is only such as would probably cover the expense of enforcing the regulations of the state as to the particular calling, it is under the police power, but when the fee is larger than is necessary for such purpose, and is exacted with reference to revenue, the license is issued under the taxing power of the state. This is a most convenient mode of taxation, and is recognized in the constitutions of most of the states, where it is contrasted with the property tax, in those provisions which limit the power of the state to tax property otherwise than by a uniform system and according to value. But whether mentioned in the constitution or not, the provisions as to equality and uniformity do not apply to taxes on licenses."

The fact that a vehicle is not used by its owner for hire, but is only used on the streets in his own business or for his own pleasure, is of no special importance, when the power is conferred to license and tax vehicles generally.

The legislature of Maryland imposed a license tax on persons keeping or exhibiting for use a billiard-table. A club, organized for literary and social purposes, kept a private billiard-table for the use and amusement of its own members. This club, under the statute, in *Germania* v. *State,* 7 Md. 1, 5, was held liable for the tax; the court holding therein that the state was empowered to tax the amusements of the people, either for revenue, or as a police regulation.

That the power of the legislature in matters of taxation for public purposes is unlimited, except so far as restrained by the State or federal Constitution, is well settled. *Lowe* v. *Board, etc.,* 156 Ind. 163, and cases there cited. That the State possesses plenary powers over public highways and streets is a proposition also well settled. While it is

true that a public street of a city or town is a public high-way, open alike to travel thereon of every citizen, still this in no wise prevents the State through the agency of its municipalities from subjecting the right to the use of the street to reasonable conditions or restrictions. As cities in this State, under the law, are required to keep their streets in repair, the legislature, in the exercise of its discretion, appears to have deemed it proper to authorize common councils thereof, if they so desired, to exact that those who used them with wagons, carriages, and other vehicles should contribute to such repairs by the payment of a reasonable amount on account of such use.

The ordinance in question seems so to grade the tax imposed that the owners of vehicles whose use of the streets, in the course of time, would subject them to the most wear are required to pay the greater tax. The tax being imposed, as disclosed by §5 of the ordinance, for the purpose of raising revenue to be applied to the maintenance and repair of the streets, it would be inconsistent and unreasonable to graduate the amount to be paid according to the value of the vehicles. Their value, under the circumstances, can not be considered as a factor in regard to the wear or injury to the streets resulting from their use thereon, for it is manifest that a wagon or carriage worth not to exceed $50 might, in its use upon the streets, serve to wear them as much or more than one of the value of $500.

In our opinion, the ordinance is not open to any of the objections, constitutional or otherwise, urged by counsel for appellees; and as the power to adopt it, as we hold, was expressly conferred by the legislature, we are, for the reasons herein stated, constrained to sustain it as a valid exercise of the power conferred upon appellant's common council. It follows, therefore, and we so conclude, that the lower court erred in holding the ordinance void, and in enjoining appellant from enforcing it against the appellees. The judgment is therefore reversed, and the cause re-

manded to the lower court for further proceedings not inconsistent with this opinion.