## Kersey et al. v. City of Terre Haute.

[No. 20,097.    Filed November 24, 1903.]

TAXATION.—*Classification of Subjects.*—*Power of Legislature.*—The power to tax is legislative in its character, and it is not required under the Constitution of this State that there should be such an exact exclusion and inclusion of subjects of taxation as to meet fully the approval of the judicial mind as to what is reasonable. *p. 474.*

SAME.—*Vehicle Tax.*—*Exclusion of Certain Classes of Vehicles.*—In the exercise of the power of classification, a common council of a city is authorized, in a vehicle tax ordinance, to exclude from its scheme of taxation electric street cars and automobiles. *p. 475.*

SAME.—*Vehicle Tax Ordinance.*—*Vehicles of Nonresidents.*—A vehicle tax ordinance is not rendered invalid because it fails to provide for the taxing of vehicles of nonresidents who habitually use the streets of the city. *pp. 475-477.*

From Superior Court of Vigo County; *O. B. Harris,* Special Judge.

Suit by William P. Kersey and others against the city of Terre Haute. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*J. S. Jordon, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellants.

*P. M. Foley* and *S. D. Royse,* for appellee.

GILLETT, C. J.—Appellants, seven in number, commenced this action to enjoin the enforcement of a vehicle tax ordinance. In their several paragraphs of complaint they claim to sue not only for themselves but for all others similarly situated. A demurrer was sustained to each paragraph of said complaint, and appellants prosecute their appeal from the final judgment which followed.

The facts averred are so far similar to the facts alleged in *City of Terre Haute* v. *Kersey,* 159 Ind. 300, as to

suggest the query whether this is not in effect an attempt to obtain a rehearing of that case. However, as the questions here involved have at their root the consideration as to whether the ordinance invidiously discriminates against the property of appellants and those on whose behalf they claim to sue, and as the complaint in its several paragraphs appears to have been drafted with a purpose of manifesting the inequalities in the operation of the ordinance, we shall pass on the questions presented for our consideration.

The opinion in the case of *City of Terre Haute* v. *Kersey, supra,* contains a very full statement of the averments of fact found in the complaint therein involved, and as all of the averments are, in substance, found in the complaint we are about to consider, we refer to such opinion as containing a statement of the averments of fact which are common to the two cases. Building upon said common facts, the complaint herein is constructed with a view to manifest particular local conditions which it is claimed make the ordinance invidious in its operation. Disregarding the particular forms of the averments, it may be said that the complaint assails the ordinance because it is so framed that the following vehicles are not taxed: street cars; vehicles, similar to those of appellants, belonging to many nonresidents who habitually use the streets of the city; and automobiles. It is further objected that bicycles, which, it is alleged, are noninjurious to the streets, are taxed at the same rate as certain vehicles having steel tires.

It is claimed by counsel for appellants that the ordinance violates §23 of article 1, and §22 of article 4 of the state Constitution, and that it amounts to a denial of the equal protection of the laws within the prohibition of the fourteenth amendment to the federal Constitution.

We think that we may consider the first and third objections as involving what are, to a large extent, kindred questions. No doubt exists as to the power of cities to

pass proper ordinances for the taxation of vehicles using
the streets.   The ordinance may therefore be said to rep-
resent the judgment of the municipal legislature that such
ordinance contains a proper classification of the subjects
of taxation, and while such ordinance may be void on con-
stitutional grounds, or as a palpably improper exercise
of a granted power, yet due consideration must be given
to the fact that we have before us a scheme of mu-
nicipal taxation, and that in the exercise of the authority
granted there must be classification, in order that the bur-
den of raising a special fund for the repair of the streets
may rest in due proportion upon those who ought to bear
such burden.   It is to be recollected that we do not have
before us a question as to the proper construction of §1
of article 10 of the state Constitution, for that section re-
lates to the assessment of taxes on property according to
its value.   *City of Terre Haute* v. *Kersey, supra.*  See,
also, *Bank of the State* v. *City of New Albany,* 11 Ind.
139; *Hamilton* v. *City of Ft. Wayne,* 40 Ind. 491.   For
this reason the power to tax, so far as constitutional objec-
tions are concerned, would seem to be in this instance un-
trammeled, except that invidious discrimination will not
be countenanced.   As applied to a case arising as does
the one before us, it may be said:  "There is no impera-
tive requirement that taxation shall be equal.   If there
were, the operations of government must come to a stop,
from the absolute impossibility of fulfilling it.   The most
casual attention to the nature and operation of taxes will
put this beyond question.   No single tax can be apportioned
so as to be exactly just, and any combination of taxes is
likely in individual cases to increase instead of diminish-
ing the inequality."   Cooley, Taxation (3d ed.), 254.   "A
just and perfect system of taxation," as was said by Chan-
cellor Kent, "is yet a *desideratum* in civil government."
It was stated by Sharswood, J., in *Grim* v. *Weissenberg
School Dist.,* 57 Pa. St. 433, 98 Am. Dec. 237, that "per-

fectly equal taxation will remain an unattainable good as long as laws and government and men are imperfect." The power to tax is essentially legislative in its character, and it is not required, under the constitutional provisions we are now considering, that there should be such an exact exclusion and inclusion of the subjects of taxation as to meet fully the approval of the judicial mind as to what is reasonable. *DePauw* v. *City of New Albany,* 22 Ind. 204; *State Board, etc.,* v. *Holliday,* 150 Ind. 216, 42 L. R. A. 826; *McCulloch* v. *State of Maryland,* 4 Wheat. 316; *Providence Bank* v. *Billings,* 4 Pet. 514, 7 L. Ed. 939; *Delaware Railroad,* 18 Wall. 206, 21 L. Ed. 888; *Rees* v. *City of Watertown,* 19 Wall. 107, 22 L. Ed. 72; *Heine* v. *Levee Commissioners,* 19 Wall. 655, 22 L. Ed. 223; *State Railroad Tax Cases,* 92 U. S. 575, 23 L. Ed. 663; *Thomas* v. *Gay,* 169 U. S. 264, 18 Sup. Ct. 340, 42 L. Ed. 740; *People, ex rel.,* v. *Mayor, etc.,* 4 N. Y. 419, 55 Am. Dec. 266; *Maltby* v. *Reading, etc., R. Co.,* 52 Pa. St. 140; *In the Matter of Dorrance Street,* 4 R. I. 230; *Plumer* v. *Board, etc.,* 46 Wis. 163, 50 N. W. 416; *McHenry* v. *Downer,* 116 Cal. 20, 47 Pac. 779, 45 L. R. A. 737. It is only palpable abuses of the power that the courts assume to overthrow. *Magoun* v. *Illinois Trust & Sav. Bank,* 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; *Veazie Bank* v. *Fenno,* 8 Wall. 533, 19 L. Ed. 482; *Meriwether* v. *Garrett,* 102 U. S. 472, 26 L. Ed. 197; *Bridge Proprietors* v. *State,* 21 N. J. L. 384; *Crafts* v. *Ray,* 22 R. I. 179, 46 Atl. 1043, 49 L. R. A. 604; *Sears* v. *Cottrell,* 5 Mich. 250; *Robertson* v. *Commissioner, etc.,* 44 Mich. 274, 6 N. W. 659; *Pence* v. *City of Frankfort,* 101 Ky. 534, 41 S. W. 1011; Cooley, Taxation (3d ed.), 47, 77.

It has been declared by the Supreme Court of the United States that the fourteenth amendment was not intended to compel the state to adopt an iron rule of equal taxation (*Giozza* v. *Tierman,* 148 U. S. 657, 13 Sup. Ct. 721,

37 L. Ed. 599), and also that that amendment was not intended "to subvert the systems of the states pertaining to general and special taxation." *Cass Farm Co.* v. *Detroit,* 181 U. S. 396, 21 Sup. Ct. 644, 45 L. Ed. 914.

We do not mean to assert that cases might not arise of such palpable abuse in the exercise of the power of taxation as to call on the court to apply either or both of the constitutional provisions now under consideration. We are not concerned, however, with the ascertainment of the last outpost in which the discretion of the municipal council can intrench itself. The question is whether the particular ordinance is open to objection. We think it too plain to need elaboration that in the exercise of the power of classification the council was authorized to exclude from its scheme of taxation electric street cars and automobiles. These vehicles were perhaps omitted because the common council concluded that their use did not cause any substantial wear upon the pavements. So far as automobiles are concerned we are not advised, and there is no averment that they were in common use at the time of the enactment of the ordinance.

As to the omission to tax generally the vehicles of nonresidents, a question of a little more difficulty is presented. It is to be observed that §2 of the ordinance does impose a tax upon such vehicles as are used by persons living without the city in hauling ice, coal, brick, sewer-pipe or tiling, or in peddling milk, over and upon the streets of the city. Although the complaint avers that many nonresidents of the city constantly use upon the streets thereof the same kinds of vehicles for the use of which appellants are taxed, yet we do not think that this will overthrow the ordinance. Nonresidents, as a class, it may be presumed, use the streets of the city less than residents; some nonresidents use such streets much less than other nonresidents, and the extent of the user of such streets by nonresidents must, in the nature of things, be ever varying. There seems to have

been an attempt, in the ordinance under consideration, to subject certain vehicles of nonresidents to a tax, and as to the untaxed vehicles of nonresidents, we think that the difficulty of classifying them on a reasonably just and equal basis afforded a sufficient reason, in the discretion of the council, for the omission complained of.

The ordinance in question purports to be an exercise of a delegated power of taxation. As shown, the exercise of such a power involves the duty of classification, and it is our judgment that a scheme of classification in such an ordinance that does not radically depart from what is reasonable is not to be subjected to judicial condemnation by facts *dehors* the ordinance.

It was said in *Citizens Gas, etc., Co.* v. *Town of Elwood,* 114 Ind. 332, that the word "ordinance" means "a local law, prescribing a general and permanent rule." Scott, J., in *Taylor* v. *City of Carondelet,* 22 Mo. 105, said, in substance, a city council is a miniature general assembly, and their authorized ordinances have the force of laws passed by the legislature of the state. In *Hopkins* v. *Mayor, etc.,* 4 M. & W. 621, 640, Lord Abinger said: "The by-law has the same effect within its limits, and with respect to persons upon whom it lawfully operates, as an act of parliament has upon the subjects at large." It would be unfortunate, if not wholly inconsonant with the character of a local law, that the question as to its validity should, in suits for its enforcement, become a mixed matter of law and fact, to be sometimes upheld by juries and sometimes overthrown by them, and that shifting local conditions should be an element to be considered in determining its validity at different times. It may be that some ordinances might be overthrown by averment and proof manifesting that in their actual application, although fair upon their face, they were plainly calculated to deprive arbitrarily a citizen or a class of citizens of some fundamental right. The case of *Yick Wo* v. *Hopkins,* 118 U. S. 356, 6 Sup. Ct.

1064, 30 L. Ed. 220, may possibly carry with it this inti-
mation, and this would perhaps be a proper holding in
some extreme cases, if rights guaranteed in the very struc-
ture of government are to be upheld as against the forms
of law, but it would take a stronger case than the one at
bar to induce us to hold that extrinsic facts could be averred
and proved to show that a scheme of classification, devised
by a city council for the purposes of taxation, impinged
upon constitutional right.

The power to enact the particular ordinance, if it exists
at all, must be said to be by virtue of the act of March 2,
1897, which purports to grant to incorporated cities gen-
erally the power to "license, tax and regulate vehicles."
The prohibition of §22 of article 4 of the state Constitu-
tion seems to be directed in terms to the enactment of stat-
utes upon a certain class of subjects, but even if the prohi-
bition extends to ordinances providing for taxation, since
the power to tax on the part of the municipality is a deriva-
tive one, we do not think that a classification that may be
otherwise upheld as within the scope of the power to classi-
fy in the selection of the subjects of taxation offends against
said section. See *Palmer* v. *Stumph,* 29 Ind. 329.

As to the matter of bicycles, it might be admitted that
the ordinance was invalid, without affecting the other pro-
visions thereof; but, as the averment is that nearly all of
the plaintiffs own bicycles, we think that this objection
may be disposed of by the suggestion that a cause of action
is not shown in all of the appellants in this particular.
It may also be suggested that it is not averred that any
of said bicycles are used upon the streets of said city, so
as to be subject to the tax. It was held in *City of Terre
Haute* v. *Kersey, supra,* that the ordinance in question was
a taxing ordinance. For this reason we have no occasion
to consider the power of the city to license and regulate
vehicles under the act of 1897.

Judgment affirmed.