STATE v. LAWRENCE.

[66 South. 745.]

1. LICENSES. *Vehicle taxes. Validity. Constitutional law. Class legislation. Classification. Uniformity.*

The legislature has full power over the public roads, and can make all needful regulations concerning the use thereof, and can provide means by which they may be improved and kept up, and hence had the power to enact Laws 1914, chapter 120, section 2, imposing a privilege tax upon automobiles and motor cycles for the use of the public roads and directing the payment thereof into the road fund.

2. CONSTITUTIONAL LAW. *Class legislation. Classification.*

The classification of the vehicles in the Laws 1914, chapter 120, section 2, is reasonable and proper and not objectionable as class. legislation.

3. CONSTITUTIONAL LAW. *Discriminatory legislation.*
   The fact that Laws 1914, chapter 120, section 2, permits a non-resident, who has complied with the laws of his state as to registration of his vehicles, to drive the same in this state for 60 days, without paying the tax or registration fee therein provided for, does not invalidate the law as discriminating against a resident of this state.

4. LICENSES. *Vehicle tax. Uniformity.*
   The equality and uniformity clause of the Constitution applies only to *ad valorem* taxes, for general purposes and the tax imposed by Laws 1914, chapter 120, section 2, upon the privilege of driving motor vehicles any cycles being purely a privilege tax, is not violative of the equality and uniformity clause of the Constitution.

APPEAL from the circuit court of Hinds county.

HON. JAS. A. TEAT, Judge.

H. C. Lawrence was charged with failure to pay the privilege tax imposed on motor vehicles. From a verdict discharging the defendant, the state appeals.

The facts are fully stated in the opinion of the court.

*Geo. H. Ethridge,* attorney-general, for appellant.

I have been informed that the court's reason for ruling chapter 120 void, is that it violates section 112 of the state Constitution, it being claimed that section 2 discriminates the class of vehicles and that the tax levied is not altogether uniform under the requirements of the state Constitution.

I think it is well settled in this state that the section mentioned in the Constitution does not apply to privilege tax. This proposition I think was definitely settled in the case of the *Clarksdale Insurance Agency* v. *Cole,* in 40 So. 228, 87 Miss. 637. Judge TRULY delivering the opinion of the court in that case stated: "It is settled in this state that the equality and uniformity clause of the Constitution only applies to *ad valorem* taxes for general purposes (see *Daily* v. *Swope,* 47 Miss. 367). It is also settled that it is competent for the legislature to tax

any occupation or calling according to its discretion, and if all of the same class are taxed alike the Constitutional mandate is complied with. See *Bank* v. *Worrell,* 67 Miss. 47; *Holberg* v. *Macon,* 55 Miss. 112.

In the *Coca Cola Company* v. *Skillman,* 44 So. 985, 91 Miss. 677, the court spoke through Judge MAYES. The question was whether the privilege tax imposed upon certain drinks, to wit, Coca Cola and similar proprietary drinks was constitutional. He said, "We do not think that any provision of the Constitution of the state or the United States, is violated by the imposition of the privilege tax upon the class of articles mentioned in section 3780 of the Code. The articles mentioned, in this section are proper subjects of classification—the right of the legislature to select certain species of property, or following the occupation classified, a certain privilege tax, is too well established in the law to be successfully controverted." See 2 Cooley on Taxation, page 1094; *Bank* v. *Worrell,* 67 Miss. 47, 7 So. 219; Cooley on Constitutional Limitations, 678; *Bartaria Canning Co.* v. *State,* 58 So. 769; *State* v. *Applegarth,* page 771, 81 Md. 296, 31 Atl. 961, 28 L. R. A. 812; *Jones* v. *Belzoni Drainage District,* 59 So. 921.

A careful examination of section 2 will show that the owner of an automobile is not taxed unless he uses the highway, and it is also certain when the act is examined that the law applies and operates equally upon all persons standing in the same class, and taxing only varies with the power and the size of the motor used. An automobile operated as they are usually, may be dangerous to other travel on account of the great weight and the speed used by this vehicle of locomotion. Most of them weigh several thousand pounds and are operated at a great rate of speed and would inflict great injury upon any other vehicle coming in contact with it. Also the great weight causes a greater wear and tear on the highway and will inflict greater damages to the highway and

bridges and culverts on the highway than lighter vehicles used by other people. There is no discrimination between individuals. Any individual who travels the highway with an auto is required to pay a privilege tax. He stands on a precise footing of equality with every other individual who uses the highway for a like motive and for a like period of time, etc.

In the case of *Commonwealth* v. *Hawkins,* 14 Pa. District Reports, 593, it is held that in a similar manner to section 2 a tax may be levied upon automobiles according to the size and horse power of the motors. This would apply to any other vehicle, other than an auto and does not violate any part of the Constitution. See, also, *Mobile* v. *Gentry,* 54 So. 488; *Christy* v. *Elliott,* 216 Ill. 31; 1 L. R. A. New Series 215, and note the masterly way in which it is shown that the measures of taxation and regulation are valid. See, also, *People* v. *Schenider* (Mich.), 12 Detroit Legal News 32; 69 L. R. A. 345; 103 N. W. 172; *Commonwealth* v. *Boyd,* 188 Mass. 79, 74 N. E. 255.

*James R. McDowell,* for appellee.

To summarize, my contention is that the act is void, because in truth and if it is a revenue measure and therefore a tax, and that in effect it is a tax on the ownership of property, as will be seen by section 15, it punishes by fine or imprisonment any owner who fails to pay this tax, regardless of whether he operates his automobile on the public roads.

It is void as class legislation, since it attempts to place automobiles in a class by themselves and assesses against them a tax not assessed against other vehicles using the roads as much or more, and which damage the roads as much or more than automobiles, and which are not sought to be assessed with any taxes whatever.

It is void because it is taking the property of a citizen without due process of law; hence, it is an attempt in an indirect way to collect a tax on automobiles which it

could not do directly as a police measure or as a tax on property. It is void because it discriminates against a resident of this state. It will be seen that nonresidents may use the roads for two months without payment of this fee. It is void because it is an attempt to levy a privilege tax upon the ownership of property, or upon its use by its owners who have a right to use it in any lawful manner, and not upon any vocation, occupation or calling. It is therefore void if it is a tax, because it is not uniform and equal and according to value, and any attempt to exact it is in violation of both the state and Federal Constitutions. It is void if it is a privilege tax, because it is not levied upon an occupation, but upon a legitimate use by the owner of his property. It is void if it is a road tax, because the public roads are open to all who use them in a legitimate way; and the legislature cannot require the owners of one class of property to maintain them, and discriminate against them in favor of the owners of other classes of property.

The attorney-general treats this tax as if it was levied under the police power of the state; if this is true, then only that part of the tax collected as a registration fee can be upheld, for the reason that the police power extends only to the registration and regulation by prescribed rules of the use of the automobiles on the public highways. Any effort to collect more than a reasonable amount for such registration and regulation has already been condemned by this court in the *Lawrence case* in 61 So. 975.

I take it therefore, that in order to save it from this condemnation the legislature provided that the overplus sought to be exacted should be applied to road purposes. It is perfectly clear that it could not have been applied to any other purpose; and that it is now for the court to decide whether this application after collected will save it from condemnation.

REED, J., delivered the opinion of the court.

Appellee, the owner of an automobile, was charged with failure to pay the privilege tax required by section 2, chapter 120, Laws of 1914. The purpose of the act (chapter 120) is, quoting from the title, "to levy a privilege tax on motor vehicles and motor cycles for using the public roads and to provide for the registration of motor vehicles and motor cycles." Section 2, which imposes the annual privilege tax on motor vehicles and motor cycles, begins with the following: "There is hereby levied the following annual privilege tax for the privilege of using the public roads." Then follows in detail what the tax is on the different motor vehicles and motor cycles. The case was heard before the judge, jury being waived, on an agreed statement of facts. We quote therefrom as follows:

"It is agreed that he violated said section of said act, but his contention is that said law is unconstitutional and void; and it is agreed that the only question for determination by the court is the constitutionality and validity of said law. It is also agreed that the defendant has paid all *ad valorem* taxes on said automobile due the state, county, and city, and that he has paid the privilege license required by law on an automobile kept for hire, and an additional privilege license for operating a public garage."

The trial judge held section 2 of chapter 120 unconstitutional and void, and discharged appellee.

The state's right to require registration of a motor vehicle and motor cycles, as provided in chapter 120, is conceded by counsel for appellee. It is contended that the state has no right to exact of appellee the payment of an additional tax in the way of privilege for the use of the public roads. It is provided in the act that the privilege tax shall be collected by the tax collector of the county, and shall be paid into the treasury and credited to the road and bridge privilege tax fund, and

shall be used by the supervisors in improving, repairing, maintaining, extending, or constructing the roads and bridges of the county. This law does not impose a tax on motor vehicles and motor cycles as property, nor is it a tax on the person for the ownership of the vehicle. It is a tax on the privilege of using the vehicle upon the public roads. It is in the nature of a toll for the use of the highway. Not the vehicle, but the privilege of using the vehicle, is taxed. This is not a tax upon property, but a tax on privilege.

The revenue from this tax is to be used in the building and maintaining of public highways. The legislature, in enacting the law decided that this was proper to be done. The legislature has full power over the public roads, and can make all needful regulations concerning the use thereof, and can provide means by which they may be improved and kept up. In the present act to provide such means it has declared the use of the roads to be a privilege for which motor vehicles and motor cycles, a class of vehicles accustomed to use the roads, must pay a tax. We know of no restriction upon the legislature to prevent it from imposing the tax and adopting the method for raising funds to be expended in making good roads.

We find that the question of the power to impose privilege taxes on vehicles using public roads or street has been dealt with by the court in cases where municipalities have been authorized by the legislature to levy such taxes. We quote as follows from the note to the case of *Hager* v. *Walker*, in 129 Am. St. Rep. 284, discussing constitutional limitations on the power to impose license or occupation taxes:

"The legislature may also authorize municipalities to impose a tax on vehicles used in the public streets. There is nothing unreasonable in such taxation, so long as it is not discriminatory, nor so heavy as to be oppressive, for the use of vehicles tends to the detriment of streets, and in fact that is the occasion for their construction and

maintenance. The tax is not, accurately speaking, on the vehicle, but on the privilege of using it in the street; and hence the tax is not open to attack as double taxation. Neither can it be assailed as an unwarranted interferference with the right of citizens to use the public thoroughfares. Taxes of this kind are often graduated according to the number of horses required to haul the vehicle, or the number of passengers it carries; and there is no constitutional objection to this classification, so long as it keeps within reasonable bounds.''

In the case of *Ft. Smith* v. *Scruggs,* 70 Ark. 549, 69 S. W., 679, 58 L. R. A. 921, 91 Am. St. Rep. 100, it was held that the legislature could authorize a municipality to levy a tax on the privilege of driving vehicles upon its public streets. It was further held in that case that:

''A statute requiring persons keeping and using wheeled vehicles in a city to pay a tax for that privilege, such tax, when collected, to be appropriated exclusively for repairing and improving streets, does not authorize double taxation, though such property is also assessed in proportion to its value, and a tax levied thereon, The tax thus authorized to be imposed by the city is in the nature of a toll for the use of its improved streets.''

In the case of *Terre Haute* v. *Kersey,* 159 Ind. 300, 64 N. E. 469, 95 Am. St. Rep. 298, it was held that municipal corporations may be empowered by the legislature to impose a tax upon the owners of vehicles for using the same on the public streets. We quote from the opinion in that case as follows:

''That the state possesses plenary powers over public highways and streets is a propostition also well settled. While it is true that a public street of a city or town is a public highway, open alike to travel thereon of every citizen, still this in no wise prevents the state, through the agency of the municipalities, from subjecting the right to the use of the street to reasonable conditions or restrictions. As cities in this state, under the law, are required

to keep their streets in repair, the legislature, in the exercise of its discretion, appears to have deemed it proper to authorize common councils thereof, if they so desired, to exact that those who used them with wagons, carriages, and other vehicles should contribute to such repairs by the payment of a reasonable amount on account of such use.''

In the cases we have cited the legislature granted the power to municipalities. In the law under consideration the legislature exercised the power directly, deciding that the tax be levied on the vehicles classed for the privilege of using the public roads of the state and for the purpose of providing funds to be expended in maintaining such roads.

We deem the classification of the vehicles in the act as reasonable and proper. It includes all those devoted to the same use. There is no improper discrimination in the class. In the case of *Terre Haute* v. *Kersey,* 159 Ind. 300, 64 N. E. 469, 95 Am. St. Rep. 298, it was decided that:

''An ordinance imposing a tax for a license to use vehicles upon the streets of a city is properly based upon the use to which such vehicles are devoted rather than the value of the vehicles.''

In *Kersey* v. *Terre Haute,* 161 Ind. 471, 67 N. E. 1027:

''The power to tax is legislative in its character, and it is not required under the Constitution of this state that there should be such an exact exclusion and inclusion of subjects of taxation as to meet fully the approval of the judicial mind as to what is reasonable. In the exercise of the power of classification, a common council of a city is authorized, in a vehicle tax ordinance, to exclude from its scheme of taxation electric street cars and automobiles.''

It will be seen in the case just cited that the court approved a classification of certain vehicles. In making this classification it will be noted that automobiles were not included. Therefore, by the very exclusion, their

classification as a reasonable and proper one has been approved; in fact, it is well known that motor vehicles have only been in use for the past few decades, and that it has only been within recent years that they have come to be so generally used as to be an important means of travel and transportation on the streets and roads. In the very nature of the case, and resulting from their introduction into the life and commerce of society and the remarkable development of their use, they have become a class of vehicles of their own peculiar kind. So we hold that the legislature has made a reasonable and proper classification in the statute. The legislature could properly have decided that by reason of the weight and speed of motor vehicles there would be a greater wear and tear on the highway from their use, and that this justified their classification to bear burdens in the way of tax to raise funds to be used on the roads, not imposed upon other vehicles.

It is argued that the law is void because it discriminates against a resident of this state, in permitting a nonresident, who has complied with the laws of his state as to the registration of his vehicle, to drive the same in this state for sixty days without paying the tax or resistration fee. We see no force in this contention. Such provision, favorable to nonresidents, will not render the act invalid. Berry on Law of Automobiles, sec. 103; *Kersey* v. *Terre Haute,* 161 Ind. 471, 68 N. E. 1027. It is stated in Ruling Case Law, vol. 2, p. 1181, that:

"It is customary for a state to permit for limited periods the use within its boundaries of unregistered machines which have been properly registered in the home state." *Dudley* v. *Northhampton St. R. R. Co.,* 202 Mass. 443, 89 N. E. 25, 23 L. R. A. (N. S.) 561.

It is also argued that the act is void because there is a lack of uniformity and equality according to value in the property which is sought to be taxed. As we have already said, it is not the property taxed, but the privilege

of using the property, motor vehicles and cycles, on the public roads which is taxed. The equality and uniformity clause of the Constitution applies only to *ad valorem* taxes for general purposes, and has no relation to privilege taxes. In the case of *Clarksdale Insurance Agency* v. *Cole,* 87 Miss. 637, 40 So. 228, a statute imposing a privilege tax on such insurance agency and a tax on each insurance agent was upheld as constitutional. We quote from the opinion of the court delivered by Judge TRULY in that case as follows:

"It is settled in this state that 'the equality and uniformity' clause of the Constitution applies only to *ad valorem* taxes for general purposes. *Daily* v. *Swope,* 47 Miss. 367. It is also settled that it is competent for the legislature to tax any occupation or calling, according to its discretion, and, if all of the same class are taxed alike, the constitutional mandate is complied with. *Bank* v. *Worrell,* 67 Miss. 47, 7 So. 219; *Holberg* v. *Macon,* 55 Miss. 112. The contention that the imposition of this privilege tax is double taxation, in that it discriminates between corporations and individuals, to the disadvantage of corporations, is unsound. All corporations transacting business as insurance agents are taxed; all individuals engaged in the same occupation are taxed. This is an occupation or privilege tax, graduated by a standard fixed by the legislature. All of the same class are taxed alike, and this fulfills the requirement of the law."

The statute complained of is not violative of the Constitution. It was in the power of the legislature to levy the tax. The circuit court erred in holding the section unconstitutional and void.