THE STATE, EX REL. O'BRIEN, *v.* THE KILL BUCK TURN-
PIKE COMPANY.

CORPORATION. — *Information for Forfeiture of Charter.*—The provision in
article 44, 2 G. & H. 322, that an information may be filed against a corpora-
tion for forfeiture of its charter, when it exercises powers not conferred by
law, does not include the case of a trespass in constructing a road over lands
without lawful authority.

APPEAL from the Madison Circuit Court.

WORDEN, C. J.—This was an information filed under the
provisions of Article 44, 2 G. & H. 322, by the appel-
lant against the appellee. Demurrer to the information
sustained, and final judgment for the defendant. Exception.

The information alleges that the defendant is a corpora-
tion, organized under the act of May 12th, 1852, authorizing
the construction of plank, etc., roads. 1 G. & H. 474. It
further alleges that the corporation has wrongfully and un-
lawfully exercised powers not conferred by law, in this, that
it has entered upon the lands of three several persons, nam-
ing the persons, and describing the lands, and cut timber,
dug up soil, gravel, etc., and constructed its road upon said
lands, without any authority or license from the respective
owners of the land, and to their great damage.

For aught that appears in the information, the defendant
may have proceeded to condemn the lands, and may have
paid the condemnation money as provided for in the act un-
der which it is organized. But supposing no proceedings
have been had to condemn the lands, or acquire the right
to construct the road over them, we are of opinion that the
facts stated in the information are not sufficient to work a
forfeiture of the defendant's corporate franchises.

The statute provides that an information may be filed,
"Fourth, where any corporation do or omit acts which
amount to a surrender or a forfeiture of their rights and
privileges as a corporation, or when they exercise powers
not conferred by law."

It is claimed by the appellant that this case comes within the last branch of the above clause, inasmuch as the defendant has no right to construct her road across any one's land without his consent and without having in some manner acquired the right of way.

The defendant had a right to construct a road, and to collect tolls thereon, and, for that purpose, to acquire the right of way either by agreement or condemnation; and if it proceeded to construct its road across land without having acquired the right of way in any manner, it was a trespasser, but did not thereby exercise powers not conferred by law, within the meaning of the statute above quoted. We are not aware that it has been held in any case that a mere trespass by a corporation is sufficient to work a forfeiture of its franchises. We think that the provision in the statute above quoted, in reference to the exercise of powers not conferred by law, was intended to meet cases where corporations undertake to exercise corporate powers or franchises not conferred upon them, as, for example, where an insurance company exercises the powers of a banking company, or where a corporation of any description usurps and exercises corporate powers of a different character from those provided for in the law of its organization.

If the corporation has entered upon the lands of the persons named in the information, and located its road thereon without leave, not having acquired the right of way, those persons have ample legal remedies by suits in their own names, but they cannot adjust their private rights in a pro ceeding of this kind. The case is almost, if not entirely, identical with that of *The People* v. *The Hillsdale and Chatham Turnpike Co.*, 2 Johns. 190. There an application was made by the Attorney General for a rule against the corporation to show cause why an information in the nature of a *quo warranto* should not be filed against it, on the ground that the road had been opened through the land of the relators, and used, without any offer having been made to them to agree upon compensation, and without having

the damages ascertained according to law.   The court say: "If the defendants have not followed the directions of the act relative to the compensation to be made to the owners of the land through which the road had been made, they are trespassers, and the complainants have adequate remedy in the usual course of the common law.   The public are no way interested in the controversy or complaint, and that is a sufficient reason for not granting this extraordinary remedy."

The judgment below is affirmed.

*W. O'Brien, W. R. Pierse, H. D. Thompson,* and *H. Craven,* for appellant.

*J. A. Harrison, J. W. Sansberry, E. B. Goodykoontz,* and *M. S. Robinson,* for appellee.

