State vs. Bolden.

---

No. 14,279.

STATE VS. SAM BOLDEN.

SYLLABUS.

1. In enacting Statute 44 of 1890, it must be presumed that the Legislature did not intend that the law should be construed without reference to

State vs. Bolden.

established principles, and that in making it a crime to shoot a person with intent to kill it was intended to cut off the right of self-defense or any other reasonable or lawful use of firearms.

2. Shooting in self-defense is actuated and controlled by the desire to protect one's life, and the desire to take life is not controlling and exclusive. It cannot be said to fall within the terms which denounce the act of shooting with intent to kill. In that view, the statute is not unreasonable nor absurd. United States vs. Kirby, 7 Wall. 482.

3. Even if the statute be unreasonable, to decree it void its provisions must be found in conflict with the Constitution. L. R. A., Vol. 50, p. 56.

4. The title of an act may assist in removing ambiguities when the intent is not plain. The title, as well as the statute, is adopted by the Legislature and shows the object of the statute. Fisher vs. Blight, 2 Cranch. 586; Burgett vs. Burgett, Vols. 1 and 2, p. 221 of the Ohio Reports.

5. A title which serves to indicate the object of a statute cannot be held to have misled the Legislature when it was adopted.

6. "We, the jury, find the accused guilty of shooting with intent to kill," is a legal verdict under Statute 44 of 1890. State vs. Broussard, 106 La. (Not yet reported).

APPEAL from the Eleventh Judicial District, Parish of Natchitoches.—*Porter, J.*

*Walter Guion,* Attorney General, and *W. A. Wilkinson,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellant.

*Scarborough & Carver,* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. Defendant was indicted for shooting Sam Cook with intent to kill and murder, under Section 791 of the Revised Statutes as amended by Statute 43 of 1890. He stood his trial and the jury found him guilty of shooting with intent to kill, under Act 44 of 1890. The defendant interposed a motion in arrest of judgment, which was sustained. The State appeals.

The motion sets forth six grounds, only two of which were argued in the brief and at the bar: the third and sixth. They present the defense urged here.

The first proposition in order of the argument is that Act 44 of 1890 is unconstitutional and the other that the verdict finds no crime. Learned counsel for the accused points to the fact that the title of Act 44 of 1890, makes it a crime to "wilfully" shoot any person with intent to kill, while this word is not contained in the body of the Act, but makes it a crime to shoot any person with intent to kill, whether,

counsel contends, the shooting is done wilfully or not. Counsel further contends that this cuts off the law of self-defense and that under this Act one may be found guilty who has committed no offense for which he should be punished; that the Legislature did not intend to cut off the law of self-defense, and that it is evident that they were misled by the title of the Statute.

The unconstitutionality urged presents a serious issue for our consideration. The objection is, in substance, we take it, that the law in question is unreasonable and leads to an absurd consequence; that it makes an act a crime without reference to a specific intent. We can only say in answer that such acts have heretofore been adopted and been enforced. But the illegality charged lends itself readily to argument in support of the theory of unreasonableness and absurdity and to striking and harrowing illustrations of possible wrongs and oppressions. The argument is not unanswerable. It has been again and again answered and it has been held that the statute should be so construed as not to sanction an injustice and a wrong or a consequence utterly absurd. We must presume that the Legislature did not intend that the law should be construed without reference to established principles.

The reason of the law is to be consulted and not exclusively the cold letter.

In State vs. Ribley, 49 Ann. 1619, we quoted from the text of Cooley, which we thought conclusive. For the sake of some brevity we do not reinsert the excerpt here. The language of Mr. Justice Field, in United States vs. Kirby, 7 Wall. 482, may well be repeated. There are cases in which the reason of the law should prevail over its letter.

"The common sense of man approves the judgment mentioned by Puffendorf that the Bolognian law which enacted that whoever drew blood in the streets should be punished with the utmost severity, did not extend to the surgeon who opened the vein of a person that fell down in the street in a fit. The same common sense accepts the ruling cited by Plowden that the Statute of 1st Edwards II, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire, for he is not to be hanged because he would not stay to be burnt."

In the decision from which we quote the foregoing, a mail carrier was arrested by a State officer on an indictment for murder. The act committed, it seems, came within the letter of the law. When the acts

which create the obstructions are in themselves unlawful, the intention, the court said, to obstruct will be imputed to their author, although the attainment of other ends may have been his primary object. The statute has no reference to acts lawful· in themselves from the execution of which a temporary delay to the mails unavoidably followed. "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice or oppression or an absurb consequence." Applying that rule here, the statute attacked does not make an offense that which is lawful or innocent.

In the well considered case of People vs. Mahany, 1 Maddaugh (Mich.), 501, the attack was made because it violated fundamental principles. The court said: "An unbroken series of decisions has settled the rule of law that before we can declare an act of the Legislature invalid, its provisions must be found in conflict with the Constitution," citing a number of decisions. See among the number another well reasoned opinion, *Ex parte* Lorenzen, L. R. A., Vol. 50, p. 56.

We have, to this point, considered the attack upon grounds most favorable to the defendant. We have conceded for the discussion that, perhaps, the law does lead to unreasonableness or absurdity. We are by no means convinced that this is the correct view. The enactment taken as a whole shows that it was not the intention to denounce an act in general terms without the least reference to a criminal intention. The title may be consulted as relates to intent. In England the doctrine holds that the title of an act is not part of it because added by the Clerk of Parliament, but this is not controlling when the Legislature make the title.

It was said by the Supreme Court of the United States in the case of Fisher vs. Blight, 2 Cranch, 586, that "the title of an act, when taken in connection with its other parts, may assist in removing ambiguities where the intent is not plain; for where the mind labors to discover the intention of the Legislature, it seizes everything, even the title, from which aid can be derived."

The Supreme Court of Ohio, in Lessee of Burgett vs. Burgett, Vol. 1 and 2, p. 221, Ohio Reports, said: "The letter is sometimes restrained, sometimes enlarged, and sometimes the construction is contrary to the letter. The purpose of our statute appears from its title to be the prosecution of frauds and perjury, and although it is said that the title forms no part of the act (1 Lord Ray, 77), yet the reason of this *dictum* appears to be the practice of Parliament by which the

title is prefixed to the statute at the discretion of the clerk of the house in which the bill originated, but such is not the practice with us. The title is framed in the same manner as the bill and is sanctioned by the vote of both branches of the Legislature. We may, therefore, consider it as explanatory of the object of the law."

With us every law shall embrace one object and that shall be expressed in the title (Art. 31, Const). In that view the title has an importance which it would not have if the law were entirely silent upon the subject. The title in this State is always considered, to some extent, as part of the statute. It is plain that no one innocent could be made to suffer penalty in the presence of a title which announces that the law's object is to make that a crime which a person has committed wilfully.

But it is further contended that the Legislature was misled by the title. The statute has not heretofore in any of the cases been attacked upon this ground. Read with the statute, as one assisting the other, there is no reason in our view, to infer that the Legislature was misled.

The next ground of defendant's objection is that the verdict finds no crime. The verdict reads: "We, the jury, find the accused guilty of shooting with intent to kill." In a case recently handed down we had occasion to consider a similar verdict. We reached the conclusion that it was a good verdict, and affirmed the sentence. We have found no good reason to change our views as expressed in that case. State vs. Eugene Broussard, 106 La. (not yet reported).

Defendant's contention also is that the verdict does not find that "any person was shot," and that the accused should have been named in the return as the one found guilty. We deem it answer enough to say that the verdict is sufficiently complete without special mention of the name of the accused. The crime with which defendant is charged is distinguished into degrees. Statute of 1890, Section 791 of the Revised Statutes, and Statute 44 of the same session, denounce different degrees of a crime. We take it that the crime being distinguished in degrees, the jury may find the degree of which the defendant is guilty of shooting with intent to kill under the last statute, without setting forth the name of the accused.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the court sustaining the motion in arrest of judgment be annulled, avoided and reversed.

It is further ordered, adjudged, and decreed, that the case be reinstated on the docket of the court, the motion in arrest of judgment overruled, and that the case be proceeded with from that point in accordance with law and the views before expressed.

Rehearing refused.