# CITY OF SPRINGFIELD, Appellant, v. B. F. JACOBS, Respondent.

### St. Louis Court of Appeals, April 14, 1903.

Ordinance, City: LICENSE TAX: VOID, BECAUSE OPPRESSIVE. A city ordinance imposing a license tax of $50 per day on the business of conducting "a transient, or traveling, clothing, dry goods, jewelry or other kind of store," and defining such stores as stores commonly designated as fire-sale or bankrupt-sale stores, etc., operates unreasonably and oppressively, and is void.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon*, Judge.

AFFIRMED.

*W. R. Self* and *T. J. Delaney* for appellant.

(1) The council can not define the meaning of the word "traveling store" as used in the general law. The Legislature does not define the word and it is for the courts to say what falls within the legislative intent in the use of such words. Therefore, the "definition" must be rejected. Water Co. v. City of Neosho, 136 Mo. 511; City of St. Louis v. Railroad, 89 Mo. 44. (2) The question of the reasonableness of the tax is for the Legislature and council and not for the courts. The power to levy a license tax on traveling stores is expressly granted, and prima facie the municipal corporation is the sole judge of the necessity for and reasonableness of the ordinance; and when the character of the occupation is considered, this ordinance is not unreasonable, and courts should not so hold even if they have the power to control the city in the exercise of an express power. A large and liberal discretion should be allowed municipalities. City of St. Louis v. Knox, 6 Mo. App. 247; City of St. Louis v. Green, 7 Mo. App. 468;

Hannibal v. Telephone Co., 31 Mo. App. 23; Skinker v. Heman, 148 Mo. 349.

*Wright Bros.* for respondent.

(1) The ordinance is unreasonable and void. It provides for $50 per day for a license. That fact is disclosed on its face. It is equal to $1,500 per month, or $18,250 per year. Sipe v. Murphy (Ohio), 31 N. E. 884; City of Carrollton v. Bazette, 159 Ill. 284, 42 N. E. 837. (2) Courts are authorized to intervene for unreasonableness. White v. Railroad, 44 Mo. App. 540; Corrigan v. Gage, 68 Mo. 541; State ex rel. v. Tracey, 94 Mo. 217. (3) The ordinance is void, if for revenue, because its effect is prohibitory, and the city is not authorized to prohibit the business of respondent by taxation. In Cooley on Taxation (Ed. 1879), page 408, the author says: "But the grant of authority to impose fees for the purposes of revenue, would not warrant their being made so heavy as to be prohibitory, thereby defeating the purpose." The city has no right to destroy by taxation. (4) The ordinance is void, if for purpose of regulation, because the amount is unreasonable as a fee for a license. Cooley on same page says: "The fee for license : . . should not exceed the necessary or probable expense of issuing the license, and of inspecting and regulating the business which it covers." The fee to the clerk is fifty cents and to the collector is twenty-five cents. R. S. 1899, sec. 8551; State ex rel. v. Tracey, 94 Mo. 217.

REYBURN, J.—This is an action originating before the city recorder of the city of Springfield, upon an information charging defendant with violation of an ordinance of the city of Springfield. From a conviction before the police magistrate, the defendant appealed to the criminal court of Green county, where a motion to quash was sustained, and the city of Springfield has appealed to this court.

The terms of the sections of article 1, chapter 15, of the Revised Ordinances of Springfield, or so much as is here material, epitomized are: section 482 declares it shall be unlawful to pursue various avocations, among them, the keeping or conducting a traveling or auction store without first obtaining a license therefore from the proper officers of the city, and making payment of the license fixed by ordinance. Section 483 provides that a license tax is thereby levied and fixed upon the various objects, subjects, persons, trades and occupations, within the city of Springfield, Missouri, thereinafter mentioned, and that the same shall be licensed, taxed and regulated as thereinafter provided.

Section 528 is as follows:

"That hereafter it shall be unlawful for any person or persons, company, association or corporation to carry on or to engage in the business of conducting, in the city of Springfield, a transient or traveling clothing, dry goods, jewelry or other kind of store, without first having obtained therefor a license from said city, and the charge for such license shall be as follows: for each and every day such store or business is conducted, the sum of fifty dollars. By the word 'transient or traveling clothing, dry goods, jewelry or other kind of stores' as used in this ordinance, is meant such stores as are commonly denominated 'fire sale' and 'bankrupt sale' stores, and are of a transient and temporary character, and also such stores of a transient or temporary character conducted on the lottery plan.''

Among the powers specifically delegated to a city of the third class is, authority to levy and collect a license tax on traveling and auction stores; it is worthy of remark, however, that the measure of control over such callings is expressly restricted to the imposition and collection of a license tax and is not extended to the broader prerogatives of regulation and suppression conferred and possessed, respecting the numerous callings enumerated in the succeeding paragraph of the

statute, by which the authority of regulation or sup- pression may be exercised additional to licensing and taxing. The bounds within which a municipal corporation can lawfully enforce such delegated powers, as well as the limits within which the courts will interfere with such civic legislation, and refuse to enforce such enactments, are now well defined, and while courts will not disturb the legitimate exercise of the legislative power accorded a municipality, they will avert its abuse. A city ordinance is to be deemed prima facie valid, but the discretion of a city council is not absolute and its authority must be properly exercised. While the subject of the enactment may be within the statutory powers, courts will refuse to enforce it and will declare it void where it is unjust, oppressive or unreasonable, but whether the ground upon which the assault is made be that the ordinance impugned would operate unreasonably or oppressively, a clear case must be presented to warrant a court in annulling its effect. Among the many authorities, textwriters and decisions, in this State as well as in other States supporting the foregoing propositions, may be cited: Smith, Modern Law of Mun. Cor., sec. 526; Beach, Public Cor., vol. 1, sec. 90, 512 (9); Tugman v. City of Chicago, 78 Ill. 405; Caldwell v. City of Alton, 33 Ill. 416; Morse v. City of Westport, 110 Mo. 502; Gratiot v. Railway, 116 Mo. 450; Kelly v. Meeks, 87 Mo. 396; Corrigan v. Gage, 68 Mo. 541; City of St. Louis v. Weber, 44 Mo. 547; City of Lamar v. Weidman, 57 Mo. App. 507; Hannibal v. Telephone Co., 31 Mo. App. 23.

Municipal enactments very similar in terms to the ordinance before us have been considered by the courts of other States.

In City of Carrolton v. Bazzette, 159 Ill. 284, a license fee of $10 per day, imposed on itinerant merchants, was adjudged invalid as unnecessarily burdensome, in general restraint of trade, and prohibitory of business.

In City of Peoria v. Gugenheim, 61 Ill. App. 374, an ordinance fixing a license fee of $200 per month upon itinerant or transient merchants was held extortionate and unreasonable.

In City of Ottumwa v. Zekind, 95 Iowa 622, an ordinance requiring of transient merchants a license fee of $250 per month, or $25 per day if the license was issued for a short period, was held void as unreasonable.

In this State, also, in City of Cape Girardeau v. Riley, 72 Mo. 220, a provision of a municipal ordinance permitting an attorney's fee to be taxed as costs in collection of an ad valorem tax on merchants, was deemed unreasonable and oppressive.

It is manifest that, adopting the most liberal consideration, both as a means of producing revenue as well as a method and exercise of police control, the length to which the ordinance here presented extends can not be approved. The purpose aimed at in its enactment was not to require the amount of the license as a fair share of the public burdens to be borne by those engaged in the callings named, but the actual object of this piece of civic legislation was evidently the absolute prohibition from and annihilation within the limits of Springfield of all such transient or traveling establishments or means of livelihood, by requiring as a prerequisite to their lawful existence the payment of an extravagant and exorbitant per diem under the pretext of a license tax. Such arbitrary exercise and abuse of the authority delegated can not be countenanced, and the judgment of the lower court is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.