DEPARTMENT OF TREASURY ET AL. *v.* FOSTER.

[No. 27,092.  Filed February 2, 1939.  Rehearing denied
February 27, 1939.]

*Omer S. Jackson,* Attorney General, *A. J. Stevenson,*
Assistant Attorney General, and *Joseph W. Hutchinson,*
Deputy Attorney General, for appellant.

*Walter Myers, Walter Myers, Jr.,* and *Thomas Quinn,*
for appellee.

TREMAIN, C. J.—This was an action by the appellee
to enjoin the enforcement of chapter 225, Acts of the
General Assembly of the State of Indiana of 1937. It
is charged that the act violates section 1 of the Four-
teenth Amendment and clause 3, section 8, Article I
of the federal Constitution, and section 23, Article I of
the state Constitution. A demurrer to the complaint for
want of facts was overruled. Answer in denial was filed.
There was a trial by the court and judgment for appel-
lee. Motion for new trial was overruled and appeal.

The foregoing questions are the same as those presented and decided, adversely to appellee's contention, at this term of court in *Richmond Baking Co.* v. *Department of Treasury et al.* (1939), ante 110, 18 N. E. (2d) 778.

Appellee presents an additional question by asserting that the act impairs the obligation of an alleged contract between the United States of America and the State of Indiana. The claim of a contract is based upon the provisions of section 55 of title 23 U. S. C. A., which provides that after June 30, 1935, federal aid for highway construction will be extended to the several states of the union meeting the federal requirements, and section 2, chapter 135, Acts of 1937 of the General Assembly of the State of Indiana, which it is claimed constituted the contract with the federal government.

An examination of these two acts does not disclose a contract between the State of Indiana and the United States of America. Neither act amounts to a proposal to and an acceptance by either party. They declare a policy of both the state and federal governments. But the constitutionality of chapter 135, *supra,* is not questioned. Chapter 255, *supra,* is the sole act of the Legislature of the State of Indiana that is attacked. The appellee does not charge that chapter 255 constitutes the contract between the state and the federal government. Besides, there is no basis for such contention. Therefore, appellee's objection to chapter 255, upon the ground that there is impairment of a contract, must fail. Even if the State of Indiana had done some act which impaired the obligation of its contract with the United States government, it is apparent that the United States government, and not the appellee, is the proper party to present that question. *Hagar* v. *Reclamation District No. 108* (1884), 111 U. S. 701, 712, 4 S. Ct. 663; *Williams* v. *Eggleston* (1898), 170 U. S. 304,

309 18 S. Ct. 617; *Alabama Power Co.* v. *Ickes* (1938), 302 U. S. 464, 58 S. Ct. 300, 82 L. Ed. 374.

From the foregoing it follows that the court erred in overruling the demurrer to the complaint and motion for new trial.

Judgment is reversed, with directions to grant the motion for a new trial and sustain the demurrer to the complaint.