ARTHUR *v*. STATE OF INDIANA.

[No. 27,280. Filed December 7, 1939. Rehearing denied January 8, 1940.]

312

*William C. Erbecker,* and *T. Ernest Maholm,* for appellant.

*Omer S. Jackson,* Attorney General, *Joseph W. Hutchinson,* and *Rexall A..Boyd,* Deputy Attorneys-General, for the State.

FANSLER, J.—The appellant was charged with operating a motor truck on the public highways without having complied with the Indiana Weight Tax Law (Acts 1937, Ch. 255, Burns' Stat. 1933, § 47-1119, et seq., § 11246-1, et seq. Baldwin's Supp. 1937) by paying the tax and displaying weight tax plates as provided by statute. He filed a motion to quash the affidavit. The first ground asserts that the facts stated do not constitute a public offense. He then asserts that the act is null and void and unconstitutional for twenty-eight separate and distinct reasons. The motion to quash was overruled. He then filed an answer in which it is asserted that the law is null and void and unconstitutional upon twenty-nine different grounds. The contentions and arguments contained in these pleadings are interspersed with recitals of fact, and the answer is verified, but it cannot be treated as evidence in the case.

There was a trial, at which the only evidence introduced was that the defendant, a truck driver, was arrested while driving a truck upon the State Highway without weight tax plates and without a certificate showing that he had purchased the plates. The defend-

ant testified that he was a driver employed by J. C. Perry & Company, a wholesale grocery house, and that the company had not purchased the plates or complied with the law; that he understood the company was desirous of contesting the law; that the truck was of the semi-trailer type. There was a finding of guilty, and judgment fining the defendant $10 and costs. He moved for a new trial on the ground that the decision of the court is not sustained by sufficient evidence and the decision of the court is contrary to law, which motion was overruled. He filed a motion in arrest of judgment containing twenty-eight separate specifications, all questioning the constitutionality of the law for the same reasons asserted in the motion to quash and the answer. The motion was overruled.

Error is assigned here upon the overruling of the motion to quash, the overruling of the motion in arrest of judgment, and the overruling of appellant's motion for a new trial.

The evidence does not disclose the character of the truck involved, except that it was of the semi-trailer type, and does not disclose the purposes for which it was used, or the territory in which it was used, except that it was being driven upon a State Highway within the State of Indiana.

The appellant directs his propositions, points, and authorities, and argument only to the first assigned error. The propositions, points, and argument deal only with the question of the constitutionality of the statute. The sufficiency of the affidavit to charge an offense under the statute, if the statute is constitutional, is not questioned. We find no constitutional question presented which was not decided in *Kelly* v. *Finney* (1935), 207 Ind. 557, 194 N. E. 157, *Richmond Baking Co.* v. *Department of Treasury* (1939), 215 Ind. 110,

18 N. E. (2d) 778, and *Department of Treasury* v. *Foster* (1939), 215 Ind. 217, 18 N. E. (2d) 783.

Appellant seems to concede that if the decision in the Richmond Baking Co. Case is adhered to, he is not entitled to a reversal. He said in his brief:

"We sincerely believe that if this court had the decision of *The Dixie Ohio Express Co.* v. *State Revenue Commission of Georgia,* 59 S. Ct. 435, decided January 30, 1939, before it, it would have decided the Richmond Baking Co. case differently.

"It is true that the Indiana Supreme Court found for the defendant in the Richmond Baking Company case. The appellant in this case believes that the reasoning in the opinion of the Indiana Supreme Court should be retested."

We have examined the case referred to and find nothing inconsistent with the reasoning of the court in the Richmond Baking Co. Case.

The case appellant relies upon deals with a tax upon a carrier engaged in interstate commerce, and the Georgia statute imposing the tax is sustained. But in the case at bar we have no question about interstate commerce. There is nothing in the affidavit or in the evidence disclosing that the appellant was engaged in interstate commerce. The recitals in the motion to quash and the motion in arrest of judgment are not evidence or allegations of fact to be proven; and if the recitals of fact in the answer are treated as allegations of affirmative fact, they cannot be considered as evidence, and no evidence was introduced to establish the facts alleged.

Upon the authority of the cases above referred to, the judgment is affirmed.