THE EAVEY COMPANY ET AL. *v*. DEPARTMENT OF TREASURY OF INDIANA ET AL.

[No. 27,277. Filed December 19, 1939.]

*Claycomb & Stump,* for appellants.

*Omer S. Jackson,* Attorney General, and *Joseph W. Hutchinson,* Deputy Attorney General, for appellee.

TREMAIN, J.—In attacking Chapter 255, Acts 1937, p. 1188, Sections 47-1119 to 47-1132, Burns' Ind. St. 1933 (Pocket Supp.), approved March 11th, creating the

Motor Vehicle Weight Tax, the appellants allege that they are shipper-owners of tractors, trailers, and trucks engaged in the delivery of goods from their places of business in Richmond, Indiana, to points in the states of Indiana and Ohio; that said chapter is unconstitutional and void, being violative of Section 23, Article 1, of the Constitution of the State of Indiana, Section 1 of the Fourteenth Amendment and Clause 3, Section 8, Article 1, of the Constitution of the United States.

The appellants seek to enjoin the appellees from the enforcement of said act. The complaint and exhibits comprise 54 typewritten pages of the transcript. Facts and figures are alleged pertaining to appellants' businesses, and the amount and distribution of taxes collected by the state. The act is made part of the complaint as an exhibit.

It is alleged that Chapter 135, Acts 1937, p. 776, Sections 36-2801 to 36-2814, Burns' Ind. St. 1933 (Pocket Supp.), approved March 9th, provides for a Motor Vehicle Highway Account to which is credited collections from motor vehicle fuel license fees, registration fees, transfer fees, drivers' and chauffeurs' license fees, weight taxes, certificate of title fees, and other taxes and fees; that provisions for the transfer of said fund to the state general fund is provided for by Chapter 277, Acts 1937, p. 1278, Section 47-107, Burns' Ind. St. 1933 (Pocket Supp.), approved March 12th; that the above acts, Chapters 135 and 277, provide the law for the distribution of funds coming into the Motor Vehicle Highway Account; that the funds are not earmarked, but are treated as one fund; that both chapters provide that the sum of $1,250,000 shall be transferred from the Motor Vehicle Highway Account to the general fund of the state each year; that by

reason of this transfer the Motor Vehicle Weight Tax is not used solely for highway purposes, but is used for the purpose of replenishing a depleted state general fund; that Chapter 255 was enacted for that purpose; that the payment of the tax to the Motor Vehicle Highway Account and the authorization that $1,250,000 be transferred to the general fund is a subterfuge and is especially obnoxious to the Federal Constitution since the appellants are engaged in interstate as well as intrastate commerce, and the Congress of the United States has declared that it is unfair to tax motor vehicle transportation unless the proceeds are applied to the construction, improvement, or maintenance of the highways.

The complaint alleges the make, factory rated capacity, motor, tire equipment, weekly mileage covered by each of plaintiffs' motor vehicles in the states of Indiana and Ohio, and taxes paid on each motor vehicle under Chapter 255; that appellants have been forced to pay the tax to avoid threatened prosecution under the penal clause of the act. There are further allegations intended to disclose that the act conflicts with each of said constitutional provisions; that the act arbitrarily classifies motor vehicles on the basis of the number and size of tires without regard as to the use of the motor vehicle, weight, or extent of wear and tear upon the highways; that the basis of the classification is unreasonable and arbitrary, and, therefore, the tax provided for in the act, for the payment of which the appellants are made liable, is illegal; that the act extends privileges and immunities to some, which upon the same terms are denied to other citizens; that it does not grant equal rights to the use of the highways in that it exempts one and two wheel trailers pulled by passenger cars without regard to weight, number of tires or extent and purpose of

the use. The complaint alleges many other objections to the act which need not be recited here, but those discussed under appellants' propositions and authorities will be considered. The prayer is that appellees be enjoined from enforcing the act.

The appellees demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court. Appellants excepted to the ruling, refused to plead over, and appealed to this court.

Each of the questions presented for consideration of the court in this appeal has been discussed and decided adversely to appellants' contention in *Richmond Baking Company* v. *Department of Treasury* (1939), 215 Ind. 110, 18 N. E. (2d) 778, and *Department of Treasury* v. *Foster* (1939), 215 Ind. 217, 18 N. E. (2d) 783. Appellants evidently prepared the complaint here under consideration with those decisions in mind, and have presented some of the questions upon somewhat different bases. Therefore, the court shall consider again the questions in the light of the new presentation.

Appellants assert that the use of the highways is open to all upon equal terms but the classification contained in the act is arbitrary and unreasonable, and denies to appellants the use of the highways upon equal terms with other users. The appellants' assertion that the highways are open to all upon equal terms is true to a limited extent. For example, if a permanent obstruction should be placed in a public highway or the highway appropriated for private purposes, or if the act authorized such use or appropriation, it would at once be held invalid. The broad statement as to the use of highways does not apply to cases where reasonable classifications have been made for the purpose of taxation. It has been held, and is the law,

that the state may make classifications, for the purpose of taxation, of users of the highway, and for that use may exact license fees or other taxes. *Kelly* v. *Finney* (1935), 207 Ind. 557, 566, 194 N. E. 157; *Kersey* v. *City of Terre Haute* (1903), 161 Ind. 471, 473, 68 N. E. 1027. The authorities cited, together with others, recognize the right of the state to classify the users of the highways for the purpose of maintaining, repairing, constructing, and policing the same. Therefore, when the appellants assert that the highways are open to all upon equal terms, they are correct in so far as the highways are used for purely private purposes, but the statement does not apply to the question of classification for the purpose of taxation for the privilege of using them.

The appellants admit that classification for taxation is not invalid where the classification rests upon a reasonable basis of actual difference between those included and those exempted from the tax, but they say Chapter 255, *supra,* provides for an arbitrary and unreasonable tax; that the classification cannot be made valid merely because the act so states; that the Legislature cannot apply the tax to a portion of a class and omit it as to another portion; that to do so makes it unfair and unequal; that it is unreasonable to place a tax upon trucks and trailers pulled by a truck and not upon trailers pulled by a passenger car; that the act in question places no tax upon the trailers drawn by passenger cars, and for this reason the law violates the Fourteenth Amendment of the Federal Constitution.

Many decisions of this court have settled the proposition that the state may classify the users of highways for the purpose of taxation; that the classification made may be separated into subclasses and taxed differently if a reasonable basis for the classification exists and if

all in the class are treated equally. *Kersey* v. *City of Terre Haute, supra; Kelly* v. *Finney, supra; Richmond Baking Company* v. *Department of Treasury, supra.*

Appellants admit that "the use of the highways for transportation for hire may be subject to special limitations and regulations. which could not be applied ██ to their use for private purposes." The appellants assert that they use the highways for delivering their own products rather than employ a carrier for hire, and should not be taxed. It must be noted that the act in question makes no distinction between motor vehicles owned by the user and those kept for hire. The act places the Motor Vehicle Weight Tax upon both.

Appellants rely upon *Kelly* v. *Finney, supra,* to sustain their position, but that case was decided upon a question which involved carriers for hire only. The question of a shipper-owner was not there involved and it did not decide that the classification would be invalid if the shipper-owner had been included. The 1933 act there under consideration exempted certain shipper-owners from payment of tax. The classification was upheld. The court said, page 566:

> "The difference between the use of the highways in the transportation of property *for hire* and the use of the highways in the transportation of property *not for hire* is, we think, fundamental and inherent. This difference may not be reflected in the amount of miles traveled on the highways, but it is reflected in the nature of the business for which the highways are used. * * * This distinction is not obliterated by the fact, as shown by the record in this case, that there are persons, firms, and corporations engaged in business enterprises that use the highways of the state to a greater extent in transporting their own property than does appellant or others similarly situated."

The difference in the use of the owner or nonowner of trucks upon the wear and tear of the highways may amount to nothing. The shipper-owner may use the highways more than an owner of a truck kept for hire. Nor is the distinction any greater because one uses the highway for gain and the other does not. It is well known that under the law existing before the enactment of Chapter 255 certain shipper-owners were not taxed. The Legislature evidently concluded that the untaxed ·shipper-owner possessed an advantage over contract carriers and those who kept trucks for hire, and concluded that one caused as much wear and tear on the highways as the others, and that the shipper-owner in all fairness should be subject to a tax in order to pay his proportionate part of the construction and upkeep of the highways. Instead of subdividing the class and exempting certain owners of trucks as was done, by the 1933 act, both trucks used by owners in transporting their own products and trucks used for hire are placed in the same class, and made subject to the same weight tax by Chapter 255.

This question was one of policy for the Legislature and is one with which the courts are not concerned. The legislative history of the control, regulation, and taxation of motor vehicles upon the public highways of the state discloses that throughout the Legislature has classified vehicles; that the classifications have been upheld uniformly by this court; and the right and authority of the Legislature to place a tax upon one subdivision and not upon another has been sustained as a state policy. The authorities cited by appellants sustain the right to classify. The requirement is that all coming within the same classification must be treated alike. When the classification is reasonable it is not

violative of the provisions of the Constitutions, state or federal.

But the appellants point to the fact that the act exempts one and two wheel trailers drawn by passenger vehicles, and exempts passenger vehicles as distinguished from trucks; that the trailers drawn by passenger vehicles are sometimes used for transporting freight. This point is discussed sufficiently in *Richmond Baking Company* v. *Department of Treasury, supra,* and does not warrant further consideration. The Legislature here, as always, recognizes the fundamental difference between motor vehicles constructed for the transportation of freight and those constructed for the transportation of passengers.

The authority of the state to classify and tax motor vehicles engaged in interstate commerce has been considered recently, April 17, 1939, by the Supreme Court of the United States in *Clark* v. *Paul Gray, Inc.*, 59 S. Ct. 744. On page 750 the court said:

> "It is no longer open to question that the states have constitutional authority to exact reasonable fees for the use of their highways by vehicles moving interstate. (Citing many United States decisions including *Dixie Ohio Express Co.* v. *State Revenue Comm.,* 306 U. S. 72, 59 S. Ct. 435) and that for that purpose they may classify the vehicles according to the character of the traffic and the burden it imposes on the state by that use, and charge for the use a fee not shown to be unreasonable or excessive. * * *
>
> "The classification of the traffic for the purposes of regulation and fixing fees is a legislative, not a judicial, function. Its merits are not to be weighed in the judicial balance and the classification rejected merely because the weight of the evidence in court appears to favor a different standard. *Cf. Worcester County Trust Co.* v. *Riley*, 302 U. S. 292, 299, 58 S. Ct. 185, 187, 82 L. Ed. 268. The

determination of the legislature is presumed to be supported by facts known to it, unless facts judicially known or proved preclude that possibility."

This doctrine has been enunciated many times by this court. When the United States Supreme Court approved this proposition in the Clark Case, it had under consideration the validity of a California statute imposing a fee or tax on persons moving motor vehicles over the highways of that state in caravans of 19 to 25 cars, usually with two cars attached together, and travelling in that manner from the State of Michigan to the State of California. Cars driven singly were not taxed. The court held that the Legislature violated no constitutional provision in the creation of this special class of traffic and by fixing a reasonable tax thereon; that the act constitutes no discrimination against the plaintiff or a denial of equal protection or due process under the Fourteenth Amendment, even though single cars using the highways were not taxed.

Appellants in the instant case, in substance, assert that peculiar facts are shown in the Clark Case to justify the classification, not shown in the instant case, for the reason that caravans constitute a greater hazard to other users of the highways, and justify the classification. The Motor Vehicle Weight Tax is levied upon motor vehicles and trucks designed and normally used to haul merchandise or heavy loads. The distinction between them and a motor vehicle designed for passenger service is discernible readily, and is a distinction long recognized by this and other courts. The tax fixed by the act is reasonable. It is based upon the carrying capacity, number of wheels per axle, load per axle, size of tires used, weight, and other elements described in the act, all of which bear a direct relation to the hazards of the highways. The

law is applicable alike to motor vehicles engaged in inter and intrastate traffic, and does not abridge the privileges and immunities of citizens, or deny due process of law. *Clark* v. *Paul Gray, Inc., supra,* and cases there cited.

The appellants earnestly insist that the court should re-examine Chapter 255, *supra,* upon the subject of the diversion of the Motor Vehicle Weight Tax to channels other than construction, maintenance, repair, and policing of highways. They insist this fund is diverted to the general state fund by Chapters 135 and 277, *supra,* both of which relate to the distribution of the funds therein described. Neither of these chapters, 135 and 277, relates in any manner to the creation and provisions of the Motor Vehicle Weight Tax. The validity of these chapters is not questioned.

The three acts were introduced and approved at approximately the same time and may be regarded as companion acts. It is significant that Chapter 255, *supra,* creating the Motor Vehicle Weight Tax, expressly provides that the fees imposed shall be paid to a fund known as the Motor Vehicle Highway Account. There is no provision in this chapter authorizing $1,250,000 to be transferred to the state general fund, but it is provided that the entire amount, after the payment of expenses and refunds, shall be used in the construction, improvement, maintenance, and policing of highways of the state. As a matter of fact, the revenues gathered from all sources described in Chapters 135 and 277, *supra,* other than weight tax, many times exceed the $1,250,000 diverted to the general fund. The appellants' complaint alleges this amount is diverted from the Motor Vehicle Weight Tax fund. The complaint does not allege the amount of revenue collected from all the numerous sources in relation to the taxation of motor

vehicles. It does allege that prior to 1937 the state collected the sum of $2,397,510.98 from drivers' and chauffeurs' license fees, registration and transfer fees, all of which was transferred to the general fund of the state under the terms of the prior act. The public records disclose that after $1,250,000 is transferred to the state general fund, pursuant to Chapters 135 and 277, Acts 1937, a very large sum, over and above the weight tax, remains in the highway fund, and there are no averments of facts in the complaint to establish a diversion of such funds. On the contrary, the complaint affirmatively avers that funds collected from weight tax go into the motor vehicle fund. This is shown by Chapter 255, *supra,* made part of the complaint by exhibit.

The entire scope of the act discloses no intention or manifestation of hostility to interstate commerce or to impose a charge upon those engaged therein, and is not offensive to the commerce clause or the Fourteenth Amendment. The state, by the maintenance of its highways, furnishes to those using them facilities for carrying on their business, whether engaged in interstate or intrastate commerce. No distinction is made and "the exaction is not to be deemed offensive to the commerce clause merely because the State, in the conduct of its fiscal affairs, chooses to use part or *all* of the proceeds for purposes other than the construction, improvement, or maintenance of its highways." (Court's italics.) No better authority could be cited than the case relied upon by appellants, from which the above quotation is taken, *Dixie Ohio Express Co.* v. *State Revenue Comm.* (1939), 306 U. S. 72, 59 S. Ct. 435, 437, and authorities there collected. This authority strongly confirms the position of this court announced in *Richmond Baking Company* v. *De-*

*partment of Treasury, supra,* and *Department of Treasury* v. *Foster, supra.*

The state, as a matter of public record and history, expends millions each year in the construction and maintenance of its highways in excess of the total amount derived from the Motor Vehicle Weight Tax. This tax is not repugnant to the commerce, due process, or equal protection clauses of the Federal Constitution.

The trial court did not err in sustaining the demurrer. Judgment is affirmed.